**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Joseph White, ) | No. CV 05-3212-PHX-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Dora Schriro, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

The court has before it petitioner's petition for writ of habeas corpus (doc. 1), respondents' answer (doc. 14), petitioner's reply (doc. 17), respondents' supplemental answer (doc. 22), petitioner's reply to the supplemental answer (doc. 23), the report and recommendation ("R & R") of the United States Magistrate Judge recommending that the petition be denied (doc. 24), and petitioner's objections (doc. 25), which are limited to ground I of his petition.

**I.**

Petitioner first objects to the R & R's conclusion that he does not have an enforceable liberty interest in the application of his earned release credits. See Objections at 1-5. In particular, petitioner objects to the R & R's reliance on Crumrine v. Stewart, 200 Ariz. 186, 24 P.3d 1281 (2001). The R & R applied Crumrine in support of its liberty interest determination because Crumrine "addressed the same issue" petitioner raises. R & R at 8. According to the R & R, Crumrine determined that because "the statutes authorizing earned release credits confer wide discretion upon the Department of Corrections," the Crumrine

1  defendant "did not have an enforceable liberty interest in the application of his earned release
2  credits." Id. Because the application of earned release credits is within the discretion of the
3  Department of Corrections, the R & R concluded that petitioner has no liberty interest in the
4  application of those credits. Id.

5       We agree with the R & R's conclusion. Petitioner's entitlement to having his earned
6  release credits applied to his sentence "is determined by the version of § 41-1604.07
7  [Arizona's earned release credits statute] in effect at the time of his offense." Crumrine, 200
8  Ariz. at 188, 24 P.3d at 1283. On June 3, 1998, petitioner began serving a ten year sentence
9  for offenses committed between approximately July, 1992 and April, 1993. Supplemental
10 Answer Exhibit X at 1. The statutes in effect at the time of his offenses conferred wide
11 discretion upon the director of the Department of Corrections in determining whether credits
12 should actually be applied. See A.R.S. § 41-1604.07(D) (1993) ("The director, according
13 to rules promulgated by the department, **may** authorize the release of any prisoner who has
14 earned release credits which, when added to the time served by the prisoner, equal the
15 sentence imposed by the court which shall be the prisoner's earned release credit date.")
16 (emphasis added); A.R.S. § 41-1604.07(D) (1992) (same).[1]

17      The statute applied in Crumrine was in effect in 1989. However, like the statutes
18 applied to petitioner, the 1989 statute also entitled prisoners to earn release credits.
19 Crumrine, 200 Ariz. at 189, 24 P.3d at 1284. Furthermore, in 1989, as in 1992 and 1993,
20 application of those credits was discretionary. Id. Therefore, the R & R's reliance on
21 Crumrine's liberty interest conclusion was appropriate.

22      Petitioner next objects by arguing that Arizona only allows for forfeiture of earned

23

24     [1] In 1993, A.R.S. § 41-1604.07 was amended to provide that "[t]he director,
25 according to rules adopted by the department, shall authorize the release of any prisoner on
   the prisoner's earned release credit date to serve any consecutive term imposed on the
26 prisoner." 1993 Ariz. Sess. Laws, ch. 255, § 85. However, the amendment was made
   effective January 1, 1994. Id. Therefore, it does not apply to petitioner. See also True v.
27 Stewart, 199 Ariz. 396, 398, 18 P.3d 707, 709 (2001) (citing 1993 Ariz. Sess. Laws ch. 255,
28 § 101).

1 release credits for "failure to adhere to the rules of the department [of corrections]."
2 Objections at 3. Petitioner concedes that the decision to actually apply a prisoner's earned
3 release credits is left to the discretion of the director of the Department of Corrections. Id.
4 at 5. However, he contends that this discretion is meaningless. He alleges that because
5 Arizona requires that earned release credits be forfeited only if certain procedures are
6 followed, including those listed in A.R.S. § 41-1604.10(E), Arizona has created a liberty
7 interest in the credits. Id. at 5.

8       Section 41-1604.10(E) (2007) provides for mandatory forfeiture of five earned release
9 credits if a prisoner engages in four kinds of prohibited conduct. The credits are forfeited
10 only if a prisoner is found guilty of the prohibited conduct by a court, or after a disciplinary
11 hearing "held after a review by and recommendations from the attorney general's office." §
12 41-1604.10(E). However, this section of the earned release credits was added in 1994, see
13 1994 Ariz. Sess. Laws 358, § 6, and therefore does not apply to petitioner.

14       If the section did apply to petitioner, it still would not create a liberty interest in
15 earned release credits. Even if the procedures outlined in § 41-1604.10(E) limit forfeiture,
16 application of the earned release credits is still left to the director's discretion. This
17 fundamental aspect of Arizona's earned release credits statute distinguishes it from the
18 Nebraska statute analyzed in Wolff v. McDonnell, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976
19 (1974). Pursuant to Nebraska law, the prisoner in Wolff could only lose good-time credits
20 if found guilty of serious misconduct. Therefore, "determination of whether such behavior
21 ha[d] occurred" was critical, and "the minimum requirements of procedural due process
22 appropriate for the circumstances" had to be observed. Id. Here, § 41-1604.10(E) does not
23 lessen the director's discretion to refuse to apply the earned release credits.

24 II.

25       Petitioner next objects to the R & R's conclusion regarding the state trial court's order
26 denying his petition for post-conviction relief. Objections at 5. The R & R finds that the trial
27 court's decision was not based on an unreasonable determination of the facts. R & R at 8.
28 Petitioner contends that "the trial courts [sic] determination is filled with complete disregard

1 of facts and law." Id.

2 First, petitioner argues that although the trial court states that "A.R.S. 31-412(B) 3 authorizes the department to promulgate rules and regulations for earned release credits," that 4 statute actually pertains to "eligibility and criteria for parole." Id. at 5-6. We reject this 5 contention. The statute addresses earned release credits and the trial court stated this in its 6 order.

7 Next, petitioner notes that "the trial court uses department policy which is the issue 8 we are addressing in this objection." Objections at 6. This objection's implication is unclear. 9 To the extent that it challenges the R & R's analysis of the department policy applied to 10 petitioner, see R & R at 8-10, we reject it. The R & R's analysis is thorough, and absent a 11 more substantive objection, we have no reason to question it.

12 Finally, petitioner contends that the trial court's citation to A.R.S. § 14-1604.10(B), 13 see Answer Exhibit R, a non-existent statute, renders its ruling unreasonable. But this was 14 a typographical error. The trial court meant § 41-1604.10(B) when it stated that "release 15 credits earned shall not reduce the term of imprisonment, nor reduce the sentence imposed 16 to determine parole eligibility." Id. That statement describes the provisions of A.R.S. § 41-17 1604.10(B). Obviously, the typographical error is immaterial.

18 Petitioner has failed to show that the state court's decision was contrary to or an 19 unreasonable application of Supreme Court precedent. Nor has petitioner shown that any 20 state court fact-finding was unreasonable.

21 **THEREFORE, IT IS ORDERING DENYING** petitioner's petition for writ of 22 habeas corpus (doc. 1).

23

24 DATED this 20th day of August, 2007.

25

26
27      _Frederick J. Martone_
        Frederick J. Martone
        United States District Judge
28

- 4 -